THOMPSON, J.
The question presented for decision in this appeal is the simulation vel non of a sale of a 10-acre tract of land with improvements, made by the defendant Joseph B. Berner to his codefendant, Mrs. Mamie Mender, who was at the time of said sale the divorced wife of Anthony Tusa, but thereafter married the said Berner.
It is alleged in the petition: That petitioners believe, and so believing, aver that said act of sale from Joseph B. Berner to the said Mrs. Mamie Mender, widow of Anthony Tusa, was riot in truth and fact a sale as it pretends to be, but was in truth and in fact a pure simulation instead, without any/consideration, and that nothing was in fact paid by her for said property, and that said act is therefore null and void and without force or effect.
The answer of Mrs. Mender, in so far as pertinent to the issue of simulation, denies the charge that she paid nothing for said property, and on the contrary avers that the said sale was real, legal, actual, made in good faith, for a valid and full consideration as stated in said act, and that she paid the price as set out in 'said act of sale with her own separate funds under her- own separate ad *793 ministration and control. She further alleges that at the time she purchased said property she was not acquainted with the condition of affairs of Joseph B. Berner, an<^ had no knowledge whatever of the existence of any claim, account, or judgment of plaintiffs against the said Berner.
The defendant Berner filed no answer, but was present at the trial with his codefendant and her counsel, and it was agreed that the case should be tried on the issues presented as though he had filed an answer.
After trial there was judgment rejecting the plaintiffs’ demand, and they bring up the present appeal.
The undisputed facts disclosed .by the pleadings and evidence, briefly stated, are as follows: Joseph B. Berner was a widower and had two grown sons. The three formed a planting partnership, and were engaged in raising strawberries. The partnership account in the bank was carried in the name of one of the sons, John Berner. On June 19, 1920, Joseph B. Berner purchased the tract of land in question from Andrew M. Edwards, one of the members of the plaintiff firm. The recited consideration was $2, 650. Of this amount $1,000 was paid by check of John Berner against the partnership account. The credit portion of the price, $1, 650, was represented by the note of Joseph Berner payable one year after date, and secured by mortgage and vendor's privilege on the land.
At the time'of this purchase Joseph Berner owed the plaintiffs an unsecured note for $400, with Interest and attorney’s fees. The note was then past due, and no demand for payment seems to have been made at that time. After the payment of the $1,000 on the land, the partnership had something over $1. 500 to its credit in the bank. Joseph Berner owned no other property.
In the early spring of 1920, during the strawberry season, Mrs. Mamie Mender, who resided in New Orleans with her mother, and who had been working at the Maginnis Mill, believing that a change to the country would be beneficial to ber health; went to Ponchatoula and secured work with Mr. Bandelier in packing strawberries. She met Joseph Berner, and in due time they became engaged to be married. In anticipation of their marriage, on July 30, 1920, the parties entered into an antenuptial agreement wherein they each renounced the dispositions of the law which establish a community of- acqufits and gains between husband and wife, and declared that each of them should be separate in property. On the same day Joseph Berner sold to his intended wife the property which he had acquired from, Edwards. The consideration for this sale, as recited in the act, was $3,050, of which amount $1,400 was paid in cash, and for the balance the purchaser assumed the payment of the mortgage note of $1,650, given by Bemer as part of the price of the sale to him.
The marriage contract and the sale from Berner to Mrs. Mender were both authentic acts, having been executed before E. M. Stafford, notary public of this city. • The plaintiffs in May, ,1921, obtained judgment against Joseph B. Berner on the note for $400, and shortly thereafter filed this suit against their judgment debtor and his wife.
Opinion.
Our learned brother of the district court, in his reasons for judgment, stated that there was no proof of fraud betwehn the defendants, and that the marriage contract and subsequent sale of Berner to Mrs. Mender were entered into in perfect good faith. In this conclusion we fully concur. There was no legal incapacity attaching to either party at the time the engagements were entered into between them. The law specially authorized them to enter into the antenuptial agreement, and in that manner to modify the marital community and even to renounce such community altogether. Nor is there any law *795 which prohibited Joseph Berner, after having entered into the marriage contract, from making a perfectly valid sale of the single •piece of real estate owned by him, to his in-, tended wife. The two transactions within themselves furnish no indicia or badge of ■fraud, and there is no justification for the assumption that there was a design on the part of either party to place the property beyond the reach of Berner’s creditors.
Mrs. Mender knew nothing of the financial condition of Berner, and she knew nothing of the small debt which was owing by Berner to the plaintiffs. She so testified, and she is not contradicted nor impeached. At the time Berner negotiated for the purchase of the land from Edwards, he requested the latter to make the deed to Mrs. Mender, but Edwards declined to do it. It is argued that this request of Edwards to make the deed to Mrs. Mender is a circumstance going to establish a design and purpose on the part of Berner to place the property out of the reach of his creditors. A sufficient answer to that contention is that Mrs. Mender was not a party to that request, and she had no knowledge of it. The action of Berner could not therefore have the remotest effect as against Mrs. Mender, if a valid consideration had passed to the vendor Edwards. If, as a matter of fact, Edwards had made the deed to Mrs. Mender direct, as requested by Berner, the latter having paid the price, his creditors by parol evidence, if objected to (as was done here by Mrs. Mender) could not have maintained either the revocatory action or the action en declaration de simulation. Hoffmann v. Ackerman, on rehearing, 110 La. 1075, 35 South. 293, and authorities there cited.
If, therefore, the plaintiffs could not have set aside the sale as against Mrs. Mender on the ground stated, it follows that the ineffectual attempt to have Edwards make the sale direct to her could have no probative effect, against her in the present suit.
The main contention of plaintiffs seems to be directed at the failure of the, defendant, Mrs. Berner, to establish the payment of the $1,400, the cash portion of the purchase price, it being shown, as contended, that she had no sufficient means and could not have saved that amount from her meager earnings during the 11 years of her widowhood. While it must be confessed that the evidence of Mrs. Mender and that of her mother is not entirely free from doubt, yet taking the record and the evidence as a whole, we are satisfied that the sale cannot be treated as a pure simulation. At least four witnesses swear that the $1,400 was actually paid by Mrs. Mender to Berner. These are the two defendants and the mother and brother of Mrs. Mender. The district judge believed the testimony of these witnesses, and we are not in a position to say that his conclusion was erroneous or arbitrary. But more than this, conceding that the testimony of these four witnesses as to the payment of the' $1,400 ought not to be accepted, the sale cannot be declared simulated for the reason that the larger part of the consideration was paid by Mrs. Mender, to wit, the sum of $1,650. It cannot be denied that, though perhaps inadequate, the amount thus paid was a serious price — a serious consideration for the property. The payment of this amount by Mrs. Mender is fully established by the record and in fact is not controverted by the plaintiffs.
Mrs. Mender assumed the mortgage note of $1,650 in her purchase from Berner, and when the note matured she applied to the court and obtained a certificate authorizing her to borrow $900 from the bank for the purpose of paying the note. With this amount and the funds ■ she derived from the strawberry crop of 1921, she paid the note to the Eirst State Bank & Trust Company of Hammond through its branch at Ponchatoula on the very day the loan was made to her by the bank.
*797 “An attack upon a conveyance of real estate on the ground that the cash mentioned in the ■deed as part of the consideration was not paid may be met by proof that an obligation assumed by the grantee was the real consideration and that it has been fully discharged.” Jaco v. Jaco, 129 La. 621, 56 South. 615.
When an actual consideration, no matter how inadequate, has been paid by the purchaser in an alleged sale, the transaction is not a simulated one. Payne v. Buford, 106 La. 86, 30 South. 263, and authorities there cited.
On trial of the case, plaintiffs’ counsel offered to call the defendant Joseph Berner as on cross-examination, whereupon counsel for Mrs.. Berner requested the court to limit the cross-examination to matters which concerned the husband, and not to permit the examination to affect the wife, for the reason that the husband cannot be forced to give evidence against the wife. The court granted the request, and stated that the witness could be cross-examined as against himself. Counsel for the plaintiffs stated that he called the witness for the purpose of cross-examination as against his wife, and not otherwise, and dismissed the witness.
Later on in the trial, however, the plaintiff placed Berner on the stand as on cross-examination and examined him as to matters relating to his connection with the transactions attacked. In view of Act 157 of 1916, we are not prepared to say that the husband is incompetent to testify against his wife in matters of purely a civil nature. We approve the ruling- of the court, however, to the extent of holding that the husband could not, as on cross-examination, be compelled to give evidence against his wife who was codefendant with him. The statute (Act 126 of 1908) grants the right to a litigant to examine his opponent, as under cross-examination, without being held as vouching to the court for the credibility of the opponent so placed upon the stand, or as being estopped in any lawful way from impeaching the testimony given by such adversary. The statute does not extend the right and privilege of a litigant to cross-examine one defendant as against his codefendant. The ruling of the court is of no serious importance and is entirely harmless to the plaintiffs. The plaintiffs after the ruling had the full benefit of examination of both of the defendants, the husband and wife, as on cross-examination respectively.
We find no sufficient reason to disturb the judgment of the lower court, and it is therefore affirmed at the costs of plaintiffs and appellants.
Rehearing denied by Division B, December 10,1923.