**BORNE-NORRIS HARDWARE & SUPPLY CO. v. BALLANTYNE, Appellant**

---

(July 19, 1926, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Witnesses—Par. 28.**
Where a wife, made co-defendant with her husband, testifies under the provisions of Act 126 of 1908, permitting the examination of an opponent, as under cross-examination, her testimony cannot be considered in the action against the husband.
(See Article 2281 of the Civil Code. Editor's note.)

2. **Louisiana Digest—Marriage—Par. 72, 159, 186.**
Where plaintiff brings suit against husband and wife, upon an assignment of a balance due, for repairs to a building, which repairs were made under the wife's instructions, plaintiff cannot recover against the husband, unless it be shown that the property repaired, belongs to the husband individually, or to the community, and ownership cannot be presumed, unless possession is shown.

Appeal from First City Court, Div. "B", Val. J. Stentz, Judge.

Action by Borne-Norris Hardware & Supply Co., against Mr. and Mrs. A. Ballantyne.

There was judgment for plaintiff and defendants appealed.

Judgment reversed and plaintiff nonsuited.

Sidney F. Gautier, of New Orleans, attorney for plaintiff, appellee.

Claude L. Johnson, of New Orleans, attorney for defendants, appellants.

---

OPINION.

MAY, Judge ad hoc. The Borne-Norris Hardware & Supply Company asks judgment against Mr. and Mrs. A. Ballantyne, in solido, for two hundred and fourteen dollars ($214.00).

The petition alleges that plaintiff acquired, by assignment, from Edward A. Allnet & Son a claim against defendants in the sum of three hundred and fourteen

dollars ($314.00); that on January 15, 1925, petitioners wrote, advising defendants of such assignment and demanded payment; that thereafter defendants made two payments, on account, aggregating one hundred dollars ($100.00), and promised to pay the balance, but have failed to do so.

A. Ballantyne answered with a general denial, and Mrs. Ballantyne filed an exception of no cause of action, followed by an answer, in which she denied all indebtedness to petitioner, but plead that if there was any indebtedness, (which is denied), that such is a debt of the community. Defendant further denied the alleged promise to pay, but pleads that if such promise was made, it would not be binding upon her, and that the demand should be made against the community.

On January 21, 1926, the trial court rendered judgment, maintaining the exception of Mrs. Ballantyne, and dismissed the suit against her, but gave judgment against A. Ballantyne in the sum prayed for.

At the hearing of the trial court, plaintiff put Mrs. Ballantyne upon the stand, under Act 126 of 1908, permitting the examination of an opponent, as under cross examination.

We pretermit, however, any consideration of the testimony of this witness, either as to its weight, or pertinence, for in our opinion, such testimony, so elicited, is not evidence against her co-defendant.

Plaintiff's next witness, Edward A. Allnet, testifies that the assignment sued upon was executed by a member of his firm; that his firm's claim was for labor and material furnished the premises 3109-11 Cleveland avenue; that he met Mr. Ballantyne at that address on two occasions, and that they talked about the repairs, but that Mr. Ballantyne never said anything about payments; that Mr. Ballantyne is the husband of Mrs. Ballantyne, and had full knowledge of the repairs being made, and never complained about them; that prior to the doing of the work, claim for which is represented by the assignment, his firm had done other work, upon the same premises, for which it had been paid.

As no appeal has been taken from the judgment, dismissing plaintiff's suit against Mrs. Ballantyne, the sole question for our determination is whether under the pleadings and evidence plaintiff is entitled to a judgment against A. Ballantyne, and the only evidence for consideration consists of the written assignment sued upon, together with the testimony of Allnet above reviewed.

There is no evidence in the record, as to the contract for repairs made by Allnet & Son, or as to who entered into such contract; there is nothing to show whether the property, 3109-11 Cleveland avenue, belongs to A. Ballantyne, or to Mrs. Ballantyne, nor for that matter, is there any evidence that it belongs to either of them.

If the property stood of record in the name of Mrs. Ballantyne, it would be presumed community property, but there is no evidence as to this. If it had been shown that Mr. Ballantyne was in possession, there might be a legal presumption of ownership, but under the conditions presented, it is our belief that plaintiff has failed to sustain the burden upon it, and for this reason the judgment appealed from is reversed, and it is now ordered that plaintiff's demand be dismissed, at its cost, as in case of non-suit.

Judgment reversed and plaintiff nonsuited.