MARKS, Jr., Judge ad hoc.
Plaintiff sues as subrogee of J. N. Harsh Company, claiming the sum of $198.50 by reason of damage alleged to have been done to a certain road grader belonging to the Harsh Company.
In the early part of October, 1951, the Harsh Company was engaged in constructing a road in Huntlee Village, a subdivision in that part of the City of New Orleans known as Algiers. The work was being done by an Adams Motor Grader (referred to as a road grader) owned by the Harsh Company. The road grader had been used three to five days before October 7, 1951, and was then left in an open field in the lower end of Huntlee Village Subdivision. Plaintiff alleges that about that time the two minors, Robert Allen DeLong and John J. Roe, Jr., climbed upon the machine, tampered with it, threw mud into *503 the gas tank, and did other damage to the machine, necessitating repairs that cost $179.68.
Plaintiff also claims the sum of $18.88, amount paid to an adjuster to adjust the loss.
Plaintiff’s petition alleges that Robert Allen DeLong is an unemancipated minor residing with his parents in Algiers, and that John J. Roe, Jr., is an unemancipated minor residing with his parents in Algiers. The respective fathers, H. B. DeLong and John J. Roe, Sr., are made defendants along with the two minors.
Defendants filed answers generally denying the allegations of plaintiff’s petition and pleading affirmatively: (a) violation by the Harsh Company of City Ordinance No. 5652, Commission 'Council Series, requiring “contractors, firms, corporations, and individuals doing business in the City of New Orleans, on the public streets, * * * ” among other things, to place necessary guards and barricades, and at night to “maintain suitable and sufficient lights and necessary watchmen during, the execution of the work, so as to properly protect the public while said materials encumber the said sidewalks or .other public property”; (b) the contributory negligence of Harsh in allowing the equipment to lie in an open field unattended when Harsh knew or should have known that the unattended equipment created an attractive nuisance .and a public hazard.
The trial judge rendered judgment in favor of plaintiff and against the four defendants, John J. Roe, Sr., John J. Roe, Jr., H. B. DeLong, and Robert Allen De-Long, in solido, in the sum of $179.68, with interest and costs. This appeal has been prosecuted by John J. Roe, Sr., individually, and on behalf of his minor son, John J. Roe, Jr.
While H. B. DeLong and his minor son, Robert Allen DeLong, appeared through counsel for the purpose of filing an' answer, counsel subsequently withdrew from the case and these two defendants were not present or represented at the trial. On the day of the trial plaintiff attempted to call them for cross-examination, but they did not answer. No appeal has been taken on their behalf.
Of the four defendants, the only one who testified was John J. Roe, Jr., who was called by the plaintiff as a witness under cross-examination. This minor admitted that he had played on the machine with Robert Allen DeLong and that they had thrown “a few lumps of mud in the radiator.” Roe, Jr., did not testify on his own behalf.
The amount of the damages to the extent of $179.68 was proven on behalf of plaintiff.
The failure of the defendants to testify under the circumstances of this case, when otherwise unexplained, must be construed against them. As was said in the case of Bastrop State Bank v. Levy, 106 La. 586, 31 So. 164, 165:
“Litigants owe the duty of assisting in every legitimate way in the'elucidation of the truth. When a defendant can by his own testimony throw light upon matters at issue, necessary to his defense and peculiarly within his own knowledge if the facts exist, and fails to go upon the witness stand, the presumption is raised, and, will be given effect to, that the facts do not exist. School Board v. Trimble, 33 La.Ann. 1073; Nunez v. Bayhi, 52 La.Ann. 1719, 28 So. 349; Pruyn v. Young, 51 La.Ann. 320, 25 So. 125.”
In the case of Zollinger v. Gust, La.App. 1939, 192 So. 132, 134, this court had occasion to remark as follows:
“It is also singular that two of the defendants, Mrs. Louise Gust and Mrs. Anna Gust, did not take the witness stand at the trial. Their evidence was of utmost importance as they could have undoubtedly thrown -much light upon the question’presented. Since no plausible reason has been offered for the absence of their testimony, we are justified in presuming that their evi *504 dence would- have been unfavorable to the contention of the defense.”
Defendants and appellants have protested the action of the trial judge in permitting the minor, Roe, Jr., to be placed on the stand by plaintiff as under cross-examination.
In this connection it is to be noted that the minor was himself a defendant and as LSA-R.S. 13:3662 provides that “parties litigant shall be entitled to examine their opponents, as under cross-examination,” there would appear to be no reason why a minor codefendant should not be subject to such cross-examination.
It is true, of course, that the testimony of one codefendant taken on cross-examination cannot be availed of against the other codefendants.
This seems to be the rule laid down in the case of Edwards Bros. v. Berner, 1923, 154 La. 791, 797-798, 98 So. 247, 249. There plaintiff’s counsel offered to call the defendant, Joseph Berner, as on cross-examination, whereupon, counsel for code-fendant, Mrs. Berner, requested the court to limit the examination to matters which concerned the husband and not to permit the examination to affect the wife, for the reason that the husband could not be forced to give evidence against the wife. The court granted the request. The Supreme Court found that the ruling of the court was correct, not because the husband was incompetent to testify against his wife in matters of purely a civil nature, but because the husband “could not, -as on cross-examination, be compelled to give evidence against his wife who was codefendant with him.” The Court had this to say about the statute:
“ * * * The statute (Act 126 of 1908) grants the right to a litigant to examine his opponent, as under cross-examination, without being held as vouching to the court for the credibility of the opponent.so placed upon the stand, or as being estopped in any lawful way from impeaching the testimony given by such adversary. The statute does not extend the right and privilege of a litigant to cross-examine one defendant as against his co-defendant. * * * ”
This decision of the Supreme 'Court has been construed by this court in Schwartz Supply Company, Inc., v. Breen, La.App.1938, 184 So. 228, 231, as holding-that the testimony of a codefendant called under cross-examination cannot be considered at all as against the other defendant:
“ * * * Under such circumstances it was not proper to permit one defendant called by plaintiff under the-statute to give testimony adversely affecting the other defendant; or,, rather, it was not proper to consider-such testimony as against the other defendant.”
The same conclusion was reached by the-Court of Appeal for the Second Circuit in Parks v. Hall, 1937, 179 So. 868, 872. See also 3 La.Law Rev. 135.
It was, therefore, proper for the trial judge to allow Roe, Jr., to be placed on the-stand as under cross-examination but his. testimony cannot be considered at all in determining whether plaintiff has made out. a case against the other defendants.
Accepting this conclusion, we nevertheless find ourselves in the same situation-in which this court was placed in the case of Zuvich v. Ballay, La.App.1933, 149 So. 281, 285, in which case we said that it was. unnecessary to discuss whether two minors, might be placed on the stand as under cross-examination when their respective fathers were the defendants “because a careful reading of the testimony given by the two-young men convinces us that the evidence was of no great importance one way or the other, and that, even without that evidence, the conclusions to which we have-come would have been -amply justified by the other evidence in the record.” We reach the same conclusion in the instant case. Our reading of the testimony, without reference to that of Roe, Jr., when coupled *505 with the failure of the defendants to take the stand on their behalf, leads us to the conclusion that the two minors were responsible for the damage done the road grader.
These conclusions bring us to a consideration of defendant’s affirmative ■defenses. Ordinance No. 5652, Commission Council Series, in our opinion has no application to the facts of this case. The road grader was not left on the public streets or sidewalks, nor is there any indication that it encumbered the “sidewalks or other public property.” The ordinance obviously is intended to “protect the public while said materials encumber the said sidewalks or other public property.” The location of the road grader at the time it was damaged was not such as to endanger the public within the meaning of the ordinance in question.
The “attractive nuisance” doctrine is intended to protect children of tender years against injuries they themselves may suffer by reason of their attraction to a dangerous instrumentality without being able to appreciate the hazard involved. It has no application to a situation such as that now before us where minors have wantonly damaged the property upon which they have chosen to play.
Nor can it be said that there was any probability of the road grader, having been left unattended in an open field, becoming a public hazard merely by reason of its location.
It is our opinion that the affirmative matters alleged by appellants in their answer and urged in this court, do not constitute valid affirmative defenses, and, therefore, do not bar recovery by plaintiff and appellee.
Defendants admitted in their respective answers that each of the two minors was unemancipated and living with his parents. The defendant fathers, Roe, Sr., and H. B. DeLong were, therefore, properly held responsible for the damages occasioned by their respective sons. LSA-C.C. Articles 237 and 2318.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed, appellants to pay the cost of this appeal.
Affirmed.