323 So.2d 838 (1975)
Gladys MORRISON and Gladys Richardson
v.
Jake EDWARDS et al.
Jory WALTON
v.
Jake EDWARDS et al.
Cora VIRGIL
v.
Jake EDWARDS and Logan Cab Company.
Nos. 7113-7115.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
Rehearings Denied January 13, 1976.
Writ Refused March 5, 1976.
*839 Dodd, Barker, Boudreaux, Lamy & Gardner, Harold J. Lamy, New Orleans, for Gladys Morrison and Gladys Richardson, plaintiffs-appellants; John E. Unsworth, Jr., New Orleans, Co-Counsel, for Gladys Morrison.
Harold J. Lamy, New Orleans, for Jory Walton, plaintiff-appellant.
Michael A. Dessommes, New Orleans, for Cora Virgil, plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr., New Orleans, for defendants-appellees.
John H. Butler, II, New Orleans, for John C. Smith, Jr.
Before SAMUEL, REDMANN and GULOTTA, JJ.
GULOTTA, Judge.
These consolidated cases grow out of an automobile accident which occurred at the *840 intersection of St. Bernard Avenue and N. Roman Street on March 19, 1973, at approximately 2:30 a.m.
Plaintiffs were guest passengers in an automobile, driven by John C. Smith, Jr., that had stopped at the neutral ground intersection while negotiating a U-turn on St. Bernard Avenue. After making the turn and while moving in the direction of the river, the Smith vehicle was rear-ended by a Logan Cab operated by defendant, Jake Edwards. Defendants are Edwards, the cab company and its insurer. Third party pleadings were filed by defendants against Smith, seeking contribution, in the event defendant were cast in judgment. In one of these suits, Cora Virgil sued her driver, Smith. The other guest passengers did not.
Plaintiffs' claims against Edwards, Logan Cab and its insurer were dismissed, but judgment was rendered in favor of Virgil against Smith. All other third party claims and reconventional demands were dismissed. All plaintiffs appeal. Smith also appeals from the dismissal of his reconventional demand and from the judgment rendered against him in favor of Cora Virgil. We affirm.
No written reasons for judgment were assigned. Apparently the trial judge exonerated the cab driver from liability based on the inconsistencies in the testimony supporting the claims of plaintiffs and Smith, together with the testimony of the investigating police officer who placed the impact 10 feet from the intersection. Edwards, the cab driver, was not available and did not testify.
The record supports Logan Cab's contention that Smith attempted to make a U-turn on St. Bernard Avenue from the N. Roman St. intersection, immediately in front of Edwards' cab, causing him to unavoidably strike the rear end of the Smith vehicle approximately 10 feet on the river side from the middle of the intersection.
We cannot say the trial judge erred in rejecting Smith's version of the accident and that of his guest passengers that Smith had safely completed a U-turn on St. Bernard Avenue and had proceeded a distance of approximately one half block in the direction of the river when his automobile was rear-ended by the defendant cab also proceeding in the same direction on St. Bernard Avenue at an excessive rate of speed.
Plaintiffs-witnesses, guest passengers in the Smith vehicle, and driver Smith place the point of impact, after the turn, anywhere from one block to 15 feet from the intersection. Gladys Morrison stated that Smith had traveled about a block before impact. Elaborating on this testimony, she said that a block meant about two car lengths. Earlier in a deposition, she stated that the Smith vehicle was a block and a half from the turn before impact. Cora Virgil (Smith passenger) testified Smith had traveled almost to the next corner when struck. Jory Walton (Smith passenger) estimated Smith traveled only 30 or 40 feet after the turn and before the collision. Gladys Richardson (Smith passenger) indicated that the Smith vehicle traveled almost a half block before impact. When equating the half block to courtroom distances, she estimated a 15 feet distance, according to plaintiffs' counsel, and a 20 to 25 feet distance, according to Smith's counsel.
Smith testified his automobile had traveled approximately a half block on St. Bernard Avenue at the time of impact.
However, Lido Schauebut, the investigating police officer, placed the point of impact at approximately 10 feet on the river side of the intersection.
Plaintiffs insist the cab was approximately a block or a block and a half away *841 when Smith negotiated the turn.[1] Under the circumstances, they contend, the absence of skid marks from the cab leads to a conclusion that the cab's driver was inattentive to traffic traveling in front of him. Therefore, according to plaintiffs, Edwards was guilty of negligence.
It is true that Officer Schauebut testified he did not check for skid marks. However, the record preponderates, as argued by defendants, Logan Cab and its insurer, that it is more probable than not, because of the sudden left turn executed by Smith immediately in front of the cab, that Edwards did not have time to apply his brakes sufficiently to produce skid marks.
Finally, we reject plaintiffs' contention that the trial judge failed to attach the proper adverse presumption to the failure of defendant, Edwards, to appear and testify at trial. We do not quarrel with the rule in civil cases, as pointed out by plaintiffs, that ordinarily failure of a defendant to testify in his own behalf, when otherwise unexplained, creates an adverse presumption against him. Switzerland General Ins. Co. v. Roe, 73 So.2d 501 (La. App., Orl.1954). However, we find no basis for application of such a presumption in the instant case. Edwards was subpoena for trial, however, he was never served. According to counsel for defendants, he explained to the trial judge that Edwards was unable to be served because he could not be located.[2] A similar factual situation existed in Pilcher v. Standard Accident and Insurance Company, 122 So. 2d 675 (La.App., 1st Cir. 1960). Although the Pilcher case involved the failure of a party to call a witness and not the failure of a litigant to appear, Pilcher is analogous to our case. In Pilcher, a presumption that the witness's testimony was adverse to defendant was not drawn where a subpoena had been issued for the witness, the witness could not be located, and presumably he had moved to another state. In any event, the presumption, standing alone, is not sufficient to set aside the judgment of the trial court.
We conclude, as apparently the trial judge did, that Smith entered the intersection immediately in front of the path of the oncoming cab. Our jurisprudence is well established that a motorist attempting to make a left turn onto a favored thoroughfare is required to ascertain that the way is clear and that the turn can be made safely without endangering or being endangered by overcoming or oncoming traffic. See LeBreton v. Ballanga, 146 So.2d 58 (La.App., 4th Cir. 1962). See also LSA-R.S. 32:122.

QUANTUM
Finally, we reject Cora Virgil's complaint of the inadequacy of the $1,115.00 award against Smith. This plaintiff sustained a contusion of the forehead and left side of the neck, muscle strain of the neck and lower back, and contusions of the left thigh and left knee. She was treated with muscle relaxants, pain relievers and diathermy for a five-week period. Cora Virgil received out-patient treatment at Charity Hospital on the night of the accident. She testified she suffered from bruises and scratches on her back and legs, and also from headaches "every now and then". Her medical bill amounted to $115.00.
Although plaintiff claims loss of weekly earnings in the sum of $40.00 per week for approximately nine weeks, she indicated (though unclear from the record) that she had not worked for two or three years preceding the accident. Under the circumstances, *842 we cannot say the trial judge abused his discretion in awarding the sum of $1,115.00 to compensate plaintiff, Cora Virgil, for her injuries.
Accordingly, the judgment is affirmed.[3]
Affirmed.
NOTES
[1] Richardson estimated the cab to be one block away when Smith commenced the turn. Smith estimated a distance of one to one and a half blocks.
[2] We fail to find this explanation in the record; however, in brief, this claim was not disputed by plaintiffs.
[3] We reject Smith's contention that the judgment in favor of Cora Virgil against him is not valid because the judgment erroneously designated John Smith as a Third party defendant when his, Smith's, posture in the litigation was as Defendant. The erroneous designation of Smith was clearly a misnomer. The intent of the trial court was no allow recovery in favor of Cora Virgil and against John Smith.