SCHOTT, Judge.
Plaintiff appeals from a dismissal of her suit for damages she sustained when al *1111 legedly beaten by defendants Pauline Fleming and Phyllis Smith. In this court she has abandoned her appeal against Fleming, and seeks a reversal as to Smith primarily on the basis that Smith as a party failed to appear and testify, giving rise to a presumption against Smith.
Plaintiff testified: She went to defendant Fleming’s bar on Magazine Street in New Orleans just before dark on July 8, 1978, but after drinking coke and “about two screwdrivers,” left about 10 PM and went to another bar in the neighborhood, Sara’s, where she stayed for “a couple of hours.” She then walked back to Fleming’s bar where she was told by the bartender she owed for a round of drinks. Upon denying this she was immediately attacked by Fleming, Smith, the bartender and a “dark complexion Spanish guy.” The last threatened her with a gun while the bartender hit her in the head with an object and Fleming hit her with a piece of bottle cutting her eye. All four “worked me over in the bar and closed the door so nobody could come in and they kept beating and beating on me, and Pauline, the owner, told the other lady, Phyllis, kill her, kill her.” The Spanish man kicked her and hit her in the stomach and the bartender hit her head against the wall. This all took place between 11 and 12 midnight and afterwards, they told her that Smith said she was going to get her down the street so the Spanish man and Fleming made her get into an automobile and took her back to Sara’s. She wanted to call the police, but they would not permit her to make a phone call, threatened her and forced her to have another drink “to make it look good.” She was finally able to leave and took a bus home. While she was in Sara’s for the second time she was bleeding and a girl washed her face. Asked how long she stayed there the second time she said it was a “good while.” When she got home she reported the incident to the police but she got the “wrong police.”
Fleming testified: Plaintiff came into her bar about 4:30 in the afternoon and stayed until midnight. During the whole time her bartender, Través Sparks, and her friend, Candy Kantel, were there. She was sitting at the bar with Candy when plaintiff came in and took a seat with them. Shortly afterward Smith came up and asked them to buy her a drink. They declined and when she insisted an argument started between plaintiff and Smith. Fleming stopped the argument and Smith went to the other end of the bar. At closing time, about midnight, everybody left and Kantel accompanied Fleming to her automobile which was parked down the street. They offered plaintiff a ride but she declined preferring to walk. After she and Kantel got into the car they passed Smith’s house which was a half block from Fleming’s bar and they saw the fight between plaintiff and Smith. They made no effort to stop it but watched it until some stranger came along and broke it up. After the fight plaintiff got into the car and accompanied them to Sara’s where she and Kantel had a drink but plaintiff left. There was never anything but a verbal argument inside the bar, she saw no injuries on plaintiff, Kantel had no gun, plaintiff never indicated that she wanted to call the police, and plaintiff voluntarily accompanied them to Sara’s after the fight.
Través Sparks, the bartender, testified that plaintiff came in at about 4, was in and out all night and “seemed to be pretty well loaded when she first came in.” She had more drinks and he finally put her out of the bar for being abusive to other customers. After the bar was closed he left and saw nothing further of plaintiff. Smith had been in the bar and was one of the last customers to leave. He saw no argument between Smith and plaintiff and no fight at all in the bar.
Finally, Kantel testified that he had been sitting in Fleming’s bar with Smith who “pretty good loaded” when plaintiff walked in and ordered a drink. They started an argument and the bartender told Smith to leave, whereupon Smith invited plaintiff outside. He stayed around until the bar was closed and while he was on his way with Fleming to Sara’s he saw the fight between plaintiff and Smith in front of *1112 Smith’s house. A stranger stopped the fight, plaintiff got into the car with them and accompanied them to Sara’s where plaintiff had a few drinks and left. She was bleeding from her eye and the barmaid at Sara’s gave her some assistance for that. He denied having a gun.
The trial judge gave the following reasons for judgment: “Considering all of the evidence, plaintiff has not carried the burden of proof against any of the defendants.”
Even though there are some discrepancies in the testimony of the various witnesses as indicated in the foregoing summary of the testimony, we cannot say that the trial judge erred in arriving at his conclusion. Plaintiff would have us reverse the trial judge on the basis of the rule that when a defendant in a civil case can by his own testimony throw light upon matters at issue, necessary to his defense and peculiarly within his knowledge, and fails to go upon the witness stand, the presumption is raised, and will be given effect, that the facts, as he would have them, do not exist. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968).
Aside from the fact that the rule as stated does not fit the situation in this case it is not applied without regard to all the other evidence of record. For instance, in Morrison v. Edwards, 323 So.2d 838 (La.App. 4th Cir. 1975) writs refused 328 So.2d 167, this court found that the presumption standing alone was not sufficient to set aside the judgment of the trial court. Similar treatment was given to the presumption in Popich v. Fidelity & Deposit Company of Maryland, 231 So.2d 604 (La.App. 4th Cir. 1970).
Plaintiff’s basic story was unbelievable in a number of respects and involves her conduct over a period of some nine or ten hours during which she was drinking alcocholic beverages. Her serious accusation of a malicious beating administered by four individuals inside the bar was flatly denied by three. Her accusation that Kantel threatened her with a gun was flatly denied by him and Fleming. Plaintiff would have us reverse the trial judge, who observed her as well as the other witnesses on the stand, on the sole basis that Smith did not testify. This record does not support such a result.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.