| ¡.EDWARDS Judge.
Plaintiffs/Appellants Carlena Wappas and Joseph Camarata appeal the judgment of the trial court dismissing their suit against defendants/appellees Lee Dorsey, Ideal Trailer Park, Inc. and Ray Monfils. For the following reasons, we affirm the ruling of the trial court.
The plaintiffs allege that on or about August 21,1992, Ray Monfils, the manager of Ideal Trailer Park, poured large quantities of diesel fuel around the property leased to the plaintiffs. They allege that the diesel fumes caused by the actions of Ray Monfils deprived them of the liberty of enjoying their leased property and caused them to become ill. Furthermore, Carlena Wappas alleges that Ray Monfils constantly harassed her and was responsible for the death of her pets. On August 20,1993, plaintiffs filed a Petition for Damages against Lee Dorsey, the owner of Ideal Trailer Park, Ideal Trailer Park, *338 Inc., Ray Monfils, and the Unknown XYZ Insurance Company.
|3The plaintiffs are former residents of Ideal Trailer Park in Kenner, Louisiana. Mr. Camarata lived in the trailer park from 1986 until 1993, and Ms. Wappas moved into the trailer park in 1992. Defendant Ray Monfils was the manager of Ideal Trailer Park from 1990 until 1993. Both plaintiffs allege that they suffered ill effects from diesel fumes emitted when the defendant sprayed the fuel around the trailer park to kill grass and weeds.
Plaintiff Joseph Camarata suffered a heart attack on February 21, 1990 while living in the trailer park. He subsequently required a heart transplant. Plaintiff alleges that these heart problems were a result of his inhalation of diesel fumes while living in Ideal Trailer Park. However, the defendants presented evidence that the plaintiffs heart problems pre-dated the spraying of diesel fuel around the trailer park. Plaintiff had suffered a previous heart attack in 1974, and he was a heavy smoker until his second heart attack in 1990.
Plaintiff Carlena Wappas allegedly became aware of a strong diesel smell in and around her trailer on August 21, 1992. She notified the Kenner Fire Department, which responded immediately to the call. Upon arrival, Captain Fletcher of the Ken-ner Fire Department conducted a thorough search of the premises but did not smell any diesel fumes. Nevertheless, plaintiff complained that she was ill and went to East Jefferson Hospital’s emergency room for treatment. After leaving the hospital, plaintiff rented a hotel room for the night rather than return to her trailer. Plaintiff alleges that it was the diesel sprayed by Mr. Monfils which made her physically ill, despite the fact that her boyfriend owned and operated a diesel fueled truck and ran a repair service on the premises.
Plaintiff Carlena Wappas suffers from chronic anxiety and depression. |4Both of these conditions pre-dated her move into Ideal Trailer Park. Plaintiff alleges that she suffered emotional stress after being continuously harassed by Mr. Monfils. She claims that Mr. Monfils attempted to poison and shoot her pets, but she was unable to produce any evidence to support these allegations.
The case was tried before the Honorable Clarence McManus of the Twenty Fourth Judicial District Court between March 30, 1998 and April 2, 1998. Defendant Ray Monfils was not present at trial. The plaintiffs noted his absence and requested of the court a presumption that Mr. Mon-fils’ testimony would have been favorable to their ease. Defendants objected to this presumption and noted that while the plaintiffs had attempted to serve Mr. Mon-fils, they were unable to locate him and he was never served for trial. The trial judge ruled in favor of the defendants and did not create an adverse presumption against Mr. Monfils by his absence.
After a four day trial on the merits, the trial judge took the matter under advisement. On May 8, 1998, the trial court issued a judgment holding that the plaintiffs had failed to prove a causal connection between the events complained of and any resultant damages. Therefore, the plaintiffs’ claims were dismissed with prejudice. Plaintiffs filed a Motion for Devolutive Appeal on July 2, 1998. The matter is now before this Court for review.
LAW AND ANALYSIS
Plaintiffs allege three assignments of error on appeal. The first assignment of error states that the trial court erred in concluding that the plaintiffs failed to prove causation of damages for any of their claims. In their second assignment of error, the plaintiffs allege that the trial court erred in not presuming that Ray Monfils’ testimony would be adverse to the defense and support their case. In |sthe third and final assignment of error, the plaintiffs allege that the trial court erred in not finding defendants liable to them *339 and not awarding damages, interest, and costs. It is the opinion of this Court that assignments of error one and two are without merit and the ruling of the trial court on these issues must be affirmed. Furthermore, because the plaintiffs’ failed to prove causation, it is not necessary for this Court to address the issue of damages alleged in assignment of error three.
In their first assignment of error, the plaintiffs’ allege that the trial court was manifestly erroneous and clearly wrong in concluding that they had not established a causal connection between the events complained of and any resultant damages. It is a well established principle that a court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). The Supreme Court has announced a two-part test for the reversal of a factfinder’s determination:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Stobart, supra at 882.
In the present case before the bar, the plaintiffs allege that the trial court was manifestly erroneous in concluding that they had failed to prove causation. This determination by the trial court was in part based on the credibility of the witnesses whose testimony was presented to the court. When findings are based on determinations regarding the credibility of witnesses, the manifest errorjclearly6 wrong standard demands great deference to the trier of fact’s findings. Only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra at 844. The conclusion of the trial court that the plaintiffs failed to prove causation must be afforded great deference by this Court as it was based in part on a credibility determination of the witnesses’ testimonies.
In his written reasons for judgment, the trial judge held that “[i]t is the opinion of this Court that plaintiffs have failed to prove a causal connection between the events complained of and any resultant damages.” It is the plaintiffs’ contention that they did in fact prove a causal connection between the diesel fuel sprayed around their trailers and the subsequent physical ailments which they suffered. In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. Lewis v. State Through Dept. of Transp. and Development, 94-2370 (La.4/21/95), 654 So.2d 311. Plaintiff must prove causation by a preponderance of the evidence. Id. at 313.
The plaintiffs have failed to prove causation in this case. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. Maranto v. Goodyear Tire & Rubber Co., 94-2603 (La.2/20/95), 650 So.2d 757; see also Roig v. Travelers Ins. Co., 96-164 (La.App. 5th Cir. 12/11/96), 694 So.2d 362.
The expert medical testimony presented by the plaintiffs was thoroughly refuted by the defendants during cross-examination as well as by the defense’s own expert witnesses. For example, while evidence was presented at trial that |7there was a possibility that the diesel fumes may have aggravated Mr. Camarata’s heart condition, no evidence was submitted to conclusively prove that the diesel fumes either caused the condition or aggravated it to any certainty. Therefore, because of the *340 inconclusive, and often conflicting testimony presented by the expert witnesses, this Court cannot find that the trial judge was manifestly erroneous in his ruling on a lack of causation for Mr. Camarata’s injuries.
While the medical testimony concerning Ms. Wappas was fairly consistent and un-contradicted, nothing in this testimony connected Ms. Wappas’ symptoms to any actions of the defendants. There is no doubt that the plaintiff suffers from some form of anxiety. However, this anxiety pre-dates her move to Ideal Trailer Park. Furthermore, her credibility as a witness has been called into question. Ms. Wap-pas apparently did not disclose her complete medical history when being treated by various medical personnel, nor was her testimony on the stand consistent throughout the trial. Because of the inconclusiveness of the medical testimony and the question of the plaintiffs credibility, this Court cannot find that the trial judge was manifestly erroneous in his ruling on the lack of causation for Ms. Wappas’ injuries.
The plaintiffs’ second assignment of error is that the trial court erred in not presuming that Ray Monfils’ testimony would be adverse to the defense and support the plaintiffs’ case. As noted above, Mr. Monfils did not ignore his subpoena; rather, the plaintiffs were unable to locate him for trial. Mr. Monfils managed Ideal Trailer Park from 1990 through 1993. He is no longer in Lee Dorsey’s employ. He could not be located for trial by either party. As the defense noted, Mr. Monfils was served with the original petition in 1993, but he was never deposed and he was not served for trial. Ordinarily, failure of a | ^defendant to testify in his own behalf, when otherwise unexplained, creates an adverse presumption against him. Morrison v. Edwards, 323 So.2d 838 (La.App. 4th Cir.1975). However, there is no basis for this presumption when the defendant was unable to be served because he could not be located. Id. at 841. Taking the case law into consideration, it is the opinion of this Court the trial court did not err in refusing to create an adverse presumption concerning Mr. Monfils’ absence at trial.
In their third and final assignment of error, the plaintiffs allege that the trial court erred in not awarding them damages, interest, and costs. However, causation must first be proven before damages can be awarded. It is the opinion of this Court that the trial court was not manifestly erroneous in denying causation, therefore the issue of damages need not be addressed.
In summary, it is the opinion of this Court that the trial court did not err in ruling that the plaintiffs had failed to prove a causal connection between the events complained of and any resultant damages. Furthermore, the trial court did not err in refusing to create an adverse presumption concerning Ray Monfils’ absence at trial. The judgment of the trial court must be affirmed.
AFFIRMED.