## No. 4924.

### STATE OF LOUISIANA *v.* O. H. SHONHAUSEN.

| 26 | 421 |
| 47 | 1575 |
| 47 | 1591 |
| 26 | 421 |
| 48 | 133 |
| 26 | 421 |
| 116 | 233 |

The defendant alleges that the words "paper currency of the United States," do not describe the statutory offense of robbery.

The charge in the indictment is the felonious and violent taking of "the sum of seventeen hundred and forty-five dollars in paper currency of the United States of America." This comes within the law.  R. S. sec. 810.

The objection that the words "promissory note of the value of three hundred dollars," do not conform to the statute. because not showing that it was for the payment of any specific property, is not well founded.

Section 1051 makes it sufficient to describe "the instrument, matter or thing by any name or designation by which the same may be usually known without setting out any copy or *fac simile* of the whole or any part of such instrument, matter or thing."

This law, as stated in 10 An. 230, cited by defendant, is an exception to the general rule of the common law as to description, and is complied with in the indictment here.

The defendant's bill of exceptions to the refusal of the judge to grant a continuance to enable the counsel appointed to represent him to prepare the defense, can not be maintained.  It seems there were three days between the appointment and the trial   This is sufficient time when no special cause is shown for longer delay, nor is such a delay essential in itself.

No law authorizes to move for attachments against absent jurors on the list, in order to bring a greater number, when there are enough present to complete the panel.  It is a matter in the judge's discretion; and the non-attendance of some of the jurors summoned and not excused. is not good cause for a refusal to go to trial.

The judge *a quo* did not err when refusing to admit an affidavit against the wife of the defendant, charging her with receiving stolen property, being a part of the property described in the indictment.  It was introducing a new issue from the one at the bar.

There was no error in refusing to allow the defendant to propound to his own witness certain questions which are specified in his bill of exceptions.  If intended to impeach the witness, they were not allowable to the party introducing him.  Otherwise, they were irrelevant to the issue.

The court instructed the jury in the general charge that: "To constitute robbery there should be actual or constructive force."  This was correct, and substantially what the counsel asked.

The court was also asked to charge that, "in the proof of taking, it is necessary to show that the goods were actually in the possession of the accused."  The court, in giving the charge, added the words, "or constructively" after the word "actually" and before the word "in."  There was no error in this.

The bill of exceptions to permitting a witness to refer to his books, out of the presence of the court, in order to refresh his memory, was not well taken.

The jury found the accused guilty of robbery and larceny on the indictment containing the two counts, and hereupon, on motion of the Attorney General, a *nolle prosequi* was entered on the second count as to larceny, and the accused was discharged therefrom. There is no error in this proceeding.

APPEAL from the First District Court, parish of Orleans.  *Abell*, J. Criminal case.  *A. P. Field*, Attorney General, for the State, appellee.  *Walter H. Rogers*, for defendant and appellant.

LUDELING, C. J.   The defendant has appealed from a judgment sentencing him to ten years' imprisonment at hard labor, and assigned as error.

I.   The words "paper currency of the United States of America," do not describe the statutory offense of robbery.

The objects in the statute are: the robbery or larceny of "Bank notes, obligations or bonds, bills obligatory or bills of exchange, pro-

missory notes for the payment of any specific property, paper bills of credit, certificates granted by or under the authority of this State or of the United States, or any of them, shall be punished," etc. Revised Statutes § 810.

The charge in the indictment is the felonious and violent taking of "the sum of $1745 in paper currency of the United States of America." This comes within the law; but if there were a fatal variance as to this object or item, it would not vitiate the indictment as to the next.

II. The words "promissory note of the value of three hundred dollars" do not conform to the statute, not showing that it was "for the payment of any specific property."

Section 1051, R. S., makes it sufficient to describe the "instrument, matter or thing by any name or designation by which the same may be usually known, without setting out any copy or *fac simile* of the whole or any part of such instrument, matter or thing."

This law, as stated in 10 An. 230, cited by defendant, is an exception to the general rule of the common law as to description, and is complied with in the indictment here.

The defendant insists upon his bill of exceptions to the refusal of the judge to grant a continuance to enable the counsel appointed to represent him to prepare the defense. It seems there were three days between the appointment and the trial. This is sufficient time, where no special cause is shown for longer delay. Nor is such a delay essential in itself.

The next bill is to the refusal of the judge to grant a continuance to have two absent jurors attached, and for the return of twelve others then sitting in their room in another case. The judge adds that the defendant had the whole panel to select from, except two or three who were absent, before talesmen were called.

As said in State v. Baldwin, 11 An. 81, no law authorizes to move for attachments against absent jurors on the list, in order to bring in a greater number, where there are enough present to complete the panel. It is a matter in the judge's discretion; and the non-attendance of some of the jurors, summoned and not excused, is not good cause for a refusal to go to trial. State v. Johnson, 11 An. 422.

A bill was taken to the refusal to admit an affidavit against the wife of the defendant, charging her with receiving stolen property, being a part of the property described in the indictment herein. The judge did not err. It was introducing a new issue outside of the one at bar. Nor was there error in the refusal to allow defendant to propound the following questions to his own witness, a detective police officer, to wit:

State of Louisiana v. Shonhausen.

*First*—"Did you execute or attempt to execute the search warrant based on the affidavit against Rosa Schonhausen, made by Officer Smith against the person or property of said Mrs. Schonhausen, and if yea, with what result?"

*Second*—"Did you not say to the accused, after his arrest and while in your custody, not to be afraid about his affair; that you had the girls (referring to female witnesses for the State) fixed all right?"

*Third*—"Did you say to the accused that you would give him one thousand dollars if he would give evidence against Julius Socha, his former employer, and one of the parties indicted with the said accused?"

If intended to impeach the witness, it was not allowable for the party introducing him; otherwise they were irrelevant to the issue.

Counsel for accused asked the court to charge the jury that "to constitute robbery, there must be actual violence inflicted on the person robbed, or such demonstrations or threats under such circumstances as to create in him reasonable apprehension of bodily injury." The court instructed the jury in the general charge that "to constitute robbery, there should be actual or constructive force," and repeated it when asked as above. This was correct, and substantially what the counsel asked. Greenleaf on Evidence, vol. 3, § 229.

The court was also asked to charge that, "in the proof of taking, it is necessary to show that the goods were actually in the accused's possession." The court, in giving the charge, added the words "or constructively" after the word "actually" and before the word "in." There was no error in this. See Greenleaf on Evidence, vol. 3, § 228.

The bill of exceptions to permitting a witness to refer to his books, out of the presence of the court, in order to refresh his memory, was not well taken. Greenleaf on Evidence, vol. 1, § 437.

The jury found the accused guilty of robbery and larceny on the indictment containing the two counts, whereupon, on motion of the Attorney General, a *nolle prosequi* was entered on the second count as to larceny, and the accused was discharged therefrom. There was no error in this. 4 An. 31, 434.

Judgment affirmed.

Rehearing refused.