ELLIS, Judge.
This is a tort action in which plaintiff is suing for the wrongful death of his wife in an automobile accident. Judgment was rendered in District Court in favor of defendants dismissing plaintiff’s claims, from which judgment plaintiff has effected this appeal.
On appeal, counsel for plaintiff admits that the District Court’s judgment is correct on the record as presented. His only quarrel with the trial court’s ruling is that plaintiff was not allowed to question certain witnesses under cross examination. These witnesses were Frank Williams, the owner of the car in which plaintiff’s wife was riding at the time of the collision, and Jonathan Vaughn, the driver of Williams’ car at that time. These parties had been joined as defendants in these proceedings when the suit was filed, along with the liability insurer of Williams. After a settlement was effected between these parties and plaintiff, the action was dismissed before trial against Vaughn, Williams, and Williams’ insurer.
Counsel for plaintiff cites LSA-Revised Statutes 13:3662 as authority for his contention that he should have been allowed to cross examine Vaughn and Williams. This is the controlling statute on this point since the case was tried on December 2, 1960 before the Code of Civil Procedure was in effect. Plaintiff’s counsel has cited no authority other than the above statute for his position. This statute reads as follows :
“In all causes pending and untried or to be hereafter instituted in any court of this state, the parties litigant shall be entitled to examine their opponents, as under cross-examination, and in such event the parties thus examining opponents shall not be held as vouching to the court for the credibility of the opponents so placed upon the stand, or as estopped from impeaching, in any lawful way, the testimony given as pro *241 vided for in R.S. 13:3662 through 13:3664.”
A diligent review of the related Louisiana Jurisprudence reveals no authority for the claim of counsel for plaintiff. If plaintiff had not dismissed the suit as against Vaughn and Williams, he would have had the right to call them under cross-examination. However, under the jurisprudence of this State, he would then have been able to use the testimony elicited under cross-examination from either defendant against the party under cross-examination alone. He would not have been able to use the testimony against any co-defendant. See Schwartz Supply Co. v. Breen, La.App., 184 So. 228, and Switzerland General Ins. Co. v. Roe, La.App., 73 So.2d 501.
Alternatively, a litigant has the right to put his own witness under cross-examination when that witness becomes hostile or when prior inconsistent statements have been made by the witness. This right was recognized in the case of Istrouma Mercantile Co. v. Northern Assur. Co., 183 La. 855, 165 So. 11, which we quote in part as follows :
“In the case of State v. Vickers, 47 La.Ann. 1574, 18 So. 639, 640, cited by counsel for defendants, we said:
“ ‘It is a general rule that a party cannot impeach the testimony of his own witness. State v. Shonhausen, 26 La.Ann. 421; State v. Thomas, 28 La.Ann. 827.
“ ‘The exception is that he is sometimes permitted, in cases of hardship, when the testimony of the witness is unexpectedly unfavorable, to contradict him by other evidence relevant to the issue in the case. 1 Starkie Ev. 147; 1 Greenleaf Ev., pars. 442, 443 ; 3 Rice Ev. p. 373; State v. Simon, 37 La.Ann. 569.’
“The court also quoted with approval from Greenleaf as follows:
“ ‘You may cross-examine your own witness if he testify contrary to what you had a right to expect as to what he had stated in regard to the matter on former occasions, either in court or otherwise, and thus refresh the memory of the witness, and give him full opportunity to set the matter right if he will; and, at all events, to set yourself right before the jury. But you cannot do this for the mere purposes of discrediting the witness; nor can you. be allowed to prove the contradictory statements of the zvitness upon other occasions, but must be restricted to proving the facts otherwise by other evidence.’ (Italics ours.)
“We think that, under the jurisprudence of this state, the defendants clearly had a right to cross-examine their witnesses Leon Guerin and Fred C. Parker to refresh their memory and, if necessary, to destroy their testimony by impeachment. The purpose of this rule is that one who is entrapped in placing a witness on the stand, who, without warning, becomes hostile has a right to offset whatever damaging testimony his witness may have given by cross-examining him to show that he made prior contradictory statements.”
No showing was made'during the trial that either Vaughn or Williams were hostile to plaintiff or that either of them had made prior inconsistent statements. Parenthetically, it should be noted that Williams and Vaughn both seemed anxious to aid plaintiff in putting any blame for the accident on the defendants remaining in the suit. Their testimony was described by plaintiff’s counsel as “patently ridiculous.” We have no quarrel with this description.
Therefore, it is found that plaintiff had no right to cross-examine Vaughn and Williams as they were not parties to the suit, it having been dismissed as to them and their insurer, and no request was made for cross examination of these witnesses *242 based on any other ground legally available.
Accordingly the judgment of the trial court is affirmed.
Affirmed.