HARDY, Judge.
This is an action by plaintiff as subrogee seeking recovery of the amount paid its insured for damages to her automobile allegedly inflicted by the three minor sons of the defendants. After trial there was judgment in favor of the defendants, John O. Beaird and G. E. Jimes, the respective fathers of the minors, Johnny Lee Beaird and Dennis Jimes, rejecting plaintiff’s demands. The record does not disclose that issue was joined by John T. Bryant, father of Warren E. Bryant, who was named as a party defendant. There has been no adjudication of plaintiff’s claim against Bryant, who, therefore, is not a party to this appeal.
The established facts show that sometime during the very early morning hours of May 24, 1964, an automobile owned by Susan Simpson, insured by plaintiff, was removed from the driveway of her residence, in which it was parked, without her permission. The heavily damaged and abandoned car, which had been “hot-wired”, was discovered by the Shreveport Police in another area of the city. Three juveniles, Warren Bryant, Dennis Jimes and Johnny Lee Beaird, were questioned by the police in connection with the removal of the automobile. The juveniles gave statements to the investigating officers, who referred them to the Juvenile Court.
Counsel for appellant specifies numerous errors directed against the actions and rul *749 ings of the District Judge on trial of the case. We think these asserted errors maybe summarized as follows:
The District Judge, in the course of attempts by counsel for plaintiff to examine one or more of the minors, (1) ex proprio motu interposed the constitutional immunity against self incrimination guaranteed by both the Federal and State Constitutions; (2) refused plaintiff’s counsel the right to call one or more of the juveniles as plaintiff’s witness with the intention that such witness might be submitted to cross examination in the event he proved to be hostile; (3) refused to permit counsel for plaintiff the right to call defendants’ minor sons on cross examination; and (4) refused to permit counsel for plaintiff to make an offer of proof with respect to the testimony of witnesses which the court ruled to be inadmissible.
The record discloses that counsel for plaintiff called Warren Bryant as a witness. When counsel attempted to question the witness as to his activities and those of his companions, young Beaird and young Jimes, with reference to their activities in connection with the removal of the insured automobile, the District Judge voluntarily instructed the witness that he had the right to refuse to testify, and, in effect, suggested that the witness claim such privilege. After the witness complied with the Court’s suggestion, the District Judge refused to order him to answer questions relating to the incident which was the basis for plaintiff’s suit.
We think the Trial Judge erred in voluntarily interposing and in sustaining the claim of constitutional immunity. The record does not evidence that any proper foundation for a plea of immunity based upon self incrimination was established. The protection of constitutional immunity as provided by the Fifth Amendment to the Constitution of the United States and by Section 11 of Article I of the Constitution of Louisiana is directed against proceedings in criminal cases, or in any proceedings that might subject a person to criminal prosecution.
The witness in question was a juvenile (as were his two companions) and was not subject to any nature of criminal charge or prosecution. Both the Constitution and the statutes of Louisiana carefully protect juveniles against any imputation of guilt of a criminal offense with the exception of capital crimes. Section 52 of Article VII of the Constitution of Louisiana vests the Juvenile Courts of the State with jurisdiction “ * * * in the interest of children seventeen years of age, as may be provided by the Legislature, brought before said Courts as delinquent or neglected children * * With reference to procedure the same Section of the same Article empowers the Legislature to regulate ,the manner of conducting all proceedings in Juvenile Courts. LSA-R.S. 13:1580 carefully limits the adjudication by a Juvenile Court to a pronouncement of delinquency and specifically circumscribes the effect of an adjudication by the following provisions:
“No adjudication by the Court upon the status of any child shall operate to impose any of the civil disabilities ordinarily resulting from conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction. The disposition of a child or any evidence given in the Court shall not operate to disqualify the child in any future civil service application or appointment.”
By reason of the meticulous circumscription of our Constitution and Statutes as above indicated, it is clear, in this instance, that the minors involved in this civil action were not subject to any nature of criminal proceeding, and, therefore, could not have invoked the provision of constitutional immunity.
In this connection we think it is further pertinent to observe that the record justifies the inference that appropriate proceedings had been taken and concluded by the Juvenile Court with reference to the inci-' *750 dént which occurred almost two years prior to the trial of this civil case. It, therefore, follows that even if the constitutional protection he extended to matters of juvenile delinquency the minors could not be subjected to further proceedings.
Though we have been unable to find any Louisiana jurisprudence directly in point, we are impressed by and approve of the holdings of courts of other jurisdictions that the constitutional privilege against self incrimination guaranteed to persons accused of crimes is not applicable to those charged with acts of juvenile delinquency; In Re Holmes, 379 Pa. 599, 109 A.2d 523 (certiorari denied, 348 U.S. 973, 75 S.Ct. 535, 99 L.Ed. 757); In Re Mont, 175 Pa. 150, 103 A.2d 460, and State v. Shardell, 107 Ohio App. 338, 153 N.E.2d 510.
With reference to the assignment of error (2), we think the right to cross examine a witness who evidences his hostility toward the party calling him is well established in civil as well as criminal actions; Knighten v. North British and Mercantile Ins. Co., 238 La. 767, 116 So.2d 516; Garner v. Vaughn (1st Cir., 1962), La.App., 139 So.2d 239; Upshaw v. Great American Indemnity Co. (2nd Cir., 1959), 112 So.2d 125.
With reference to assignment of error (3), C.C.P. Article 1634 specifically permits the cross examination of any party or his representative by an adverse party and defines a representative, inter alia, as an agent having knowledge of the matter in controversy. While it is true in this case that the minors were not joined with their fathers as parties defendant, we do not think this has any effect upon the right of plaintiff to call the minors for cross examination on the ground that they were representatives of their fathers. It appears that the district judge in refusing the right to call the minors on cross examination relied upon Soprano v. State Farm, 246 La. 524, 165 So.2d 308. The cited case is readily distinguishable in a number of particulars from the case before us, and, in our opinion, has no application.
Assignment of error (4) is obviously valid. C.C.P. Article 1636 provides that a party offering evidence ruled inadmissible by the Court shall be permitted to make a complete record of such evidence or make a statement setting forth the nature thereof. The right to make an offering of proof was particularly considered and supported by our brethren of the First Circuit Court in Lemon v. Houston Fire & Cas. Ins. Co. (1964), 162 So.2d 127.
In our opinion the trial judge erred in each of the particulars above noted and' discussed. It is evident that these errors-resulted from the commendable, but, unfortunately, misdirected desire on the part of our able brother of the district court to-protect the minors involved in this case.. However, as we have attempted to point out, the minors could not be prejudiced by their testimony with reference to the incident in question. The rulings complained of, therefore, not only served no necessary purpose in protecting the minors but effectively foreclosed the right of plaintiff to-make out his case. In the final analysis, the three minors were the only parties who had first-hand knowledge of the incident which allegedly caused damage to plaintiff’s, assured. To prohibit plaintiff’s efforts to. ascertain the truth through the testimony of the minors would result in depriving, plaintiff of his right to make out his case. The interest of justice between the parties, therefore, requires that the errors complained of be remedied.
Accordingly, it is ordered, adjudged! and decreed that the judgment appealed' from be annulled and set aside, and it is further ordered that this case be and it is. remanded to the Honorable the First Judicial District Court in and for the Parish of Caddo, State of Louisiana, for a new trial with instructions that the proceedings, in connection with such new trial shall accord with the principles set forth in this, opinion.
*751 Costs of this appeal are taxed against •defendants-appellees, and it is ordered that all other costs be assessed by judgment rendered pursuant to the new trial above ordered.