489 So.2d 1316 (1986)
Bobie ENSMINGER, Individually and as Administrator of the Estate of the Minor, Daryle Lee Ensminger
v.
Richard L. McCORMICK, AIU Insurance Company and State Farm Insurance Company.
No. 85 CA 0263.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
*1317 J.J. McKernan, Baton Rouge, for plaintiff-appellant Bobie Ensminger, Individually and as Administrator of Estate of Minor, Daryle Lee Ensminger.
William F. Janney, Baton Rouge, for defendant-appellee State Farm Auto. Ins.
John W. Perry, Jr., Baton Rouge, for Richard L. McCormick, AIU Ins. Co., defendant-appellee.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is a suit for damages resulting from an automobile accident.

FACTS
On or about April 16, 1983, Daryle Lee Ensminger was a guest passenger in a vehicle owned by Ted Riccubuono and driven by Jean Alain when the vehicle in which he was riding was struck by an automobile owned and operated by Richard L. McCormick. As a result of this collision, Daryle Ensminger sustained serious personal injuries, including, a laceration of his tongue; multiple bruises, cuts and abrasions on his face, head, chest, knee, and left forearm and elbow; three chipped or broken upper front teeth; cervical sprain; lumbar sprain; and mental anguish.
On December 14, 1983, plaintiff, Bobie Ensminger, individually and as administrator of the estate of his minor son Daryle Lee Ensminger, filed suit against Richard L. McCormick; AIU Insurance Company, McCormick's liability insurer; and State Farm Insurance Company, plaintiff's uninsured/underinsured motorist insurer. Prior to trial, plaintiff settled his claims against McCormick and AIU Insurance Company for $20,000.00.[1]
After trial, the trial judge awarded plaintiff $27,000.00 in general damages and $5,939.42 in special damages. In his oral reasons for judgment, the trial judge itemized the general damage award as follows: $8,000.00 for injuries to Daryle's teeth; $14,500.00 for Daryle's tongue injury, the scarring on his left arm and other scarring on his right cheek, together with the other abrasions and pain; and $4,500.00 for Daryle's mental anguish. This award was made subject to a credit for the $25,000.00 coverage provided by AIU Insurance and $5,000.00 paid by State Farm Insurance Company pursuant to their medical payment provision, for a total credit of $30,000.00.
From this judgment, plaintiff appeals assigning the following errors:
1. The trial court's refusal to consider the testimony by deposition of Mr. Gary Black, a chiropractor who had been treating plaintiff Daryle Lee Ensminger, on the grounds that Mr. Black had not filed a renewal license with the Clerk of Court, and was, therefore, in the Court's opinion, not licensed to practice chiropractic in this State, was error.
2. The trial court's refusal to award damages for what was found to be a moderately severe cervical sprain *1318 and a mildly severe lumbar sprain was error.
3. The trial court's award of $4,500.00 for all mental anguish, including mental depression, etc. is so low as to constitute an abuse of discretion, and was in error.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, plaintiff contends that the trial court erred in refusing to consider the testimony of Dr. Gary Black, a chiropractor who had been treating Daryle Ensminger. Plaintiff reasons that the trial judge incorrectly determined that because Dr. Black had not filed a renewal certificate with the Clerk of Court, he was not licensed to practice chiropractic in Louisiana and, as such, could not testify as an expert witness.
LSA-R.S. 37:2810 provides that:
Beginning with the calendar year 1975, each license to practice chiropractic in this state shall be renewed annually on or before October 31st of each year, upon payment of the renewal fee prescribed in R.S. 37:2809[2] and the presentation to the board of a certificate showing satisfactory attendance of at least one two-day chiropractic educational seminar or convention approved by the board. However, for good and reasonable cause, the board may waive the convention or seminar requirements. (footnote added)
LSA-R.S. 37:2811 provides as follows:
A. Every licensee shall record his license with the clerk of court for the parish in which he practices, and until recorded, the holder thereof shall not be entitled to practice chiropractic in this state.
B. The clerk of the district court for the parish where the license is recorded shall keep an index of such licenses. The clerk may charge one dollar for the recordation of each license.
In his reasons for judgment, the trial judge correctly and succinctly stated:
Mr. Black testified that his initial license in 1974 was recorded but that the renewal license required under Section 2810 has not been recorded. The question is whether or not Mr. Black is licensed to practice in Louisiana for his failure to record the renewal license.
A reading of Section 2810 provides that not only is there a fee involved for the renewal license, but the licensee must present a certificate of either attendance of a two-day educational seminar or convention, which is certainly subject to be waived by the board. I point this out because a renewal license is more than a taxing by the state; it appears to be a method of making sure that the licensee is obtaining yearly educational seminars, that he is keeping up with perhaps the latest in his area.
The Court believes that it is necessary to record the renewal license. Without a recording of the renewal license, a person would never know whether or not a *1319 chiropractor is licensed. I do not read this section to require only the recording of the initial license.
Inasmuch as the renewal license were (sic) not recorded, the Court feels that 2811 is applicable, that he should not be entitled to practice chiropractic in this state. If a person is not licensed to practice in the state of Louisiana, and he performs examinations in this state, then he cannot testify as an expert witness. Obviously, if a person is licensed in another state and not in Louisiana, and a patient obtains treatment in the other state, then obviouslycertainly the doctor could come here and testify.
The end result, the Court finds that Mr. Black is not entitled to practice chiropractic in the state for failure to record his renewal license and therefore will not accept his testimony in this case.
Accordingly, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2 & 3
Plaintiff contends that the trial court erred in failing to award damages for Daryle's moderately severe cervical sprain and his mildly severe lumbar sprain and that the trial court's award of $4,500.00 for mental anguish is an abuse of discretion.
Before an appellate court can disturb a quantum award, the record must clearly reveal that the trier of fact abused its discretion in making the award. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). An award made in the trial court may not be modified unless it is unsupported by the record. The appellate question is not whether a different award may have been more appropriate, but whether the trial court's award can be reasonably supported by the record. Norris v. Pool Well Service, Inc., 460 So.2d 1117 (La.App. 2nd Cir.1984); Black v. Ebasco Services, Inc., 411 So.2d 1159 (La.App. 1st Cir.1982), writ denied, 414 So.2d 1253 (La. 1982). Moreover, the appellate function in reviewing quantum awards is limited to raising inadequate awards to the lowest amount the trial court could have reasonably awarded, and lowering excessive awards to the highest amount the trial court could have reasonably awarded. Reck v. Stevens, 373 So.2d 498 (La.1979).
A. Award for Cervical and Lumbar Sprain
In the case sub judice, Daryle was treated by Dr. Milton Holt, his family physician. On April 22, 1983, Dr. Holt noted that Daryle suffered from a moderately severe cervical sprain and a mildly severe lumbar sprain, in addition to his other injuries. Dr. Holt's treatment consisted of wet heat applications and muscle relaxers. Dr. Holt testified that Daryle was completely recovered from the cervical and lumbar sprain by June 9, 1983.[3]
In his reasons for judgment, the trial judge acknowledged Daryle's cervical and lumbar sprain and the treatment thereof by Dr. Holt; however, in awarding damages he made no specific award for these damages.
After reviewing the record, we conclude that this constituted an abuse of discretion and increase the award of damages by $3,000.00 to reflect an award for Daryle's cervical and lumbar sprain.
B. Award for Mental Anguish
In the case sub judice, the trial judge awarded $4,500.00 for Daryle's mental anguish. In making such an award, the trial judge pointed out that Dr. Fred Tuton, a clinical psychologist, saw Daryle seventeen times from September 23, 1983, until February 22, 1984. The trial judge also noted that although David suffered from stress prior to the accident, the stress from the accident triggered Daryle's present mental depression.
*1320 Although we may have awarded plaintiff a different award, we cannot substitute our findings for that of the trial judge, unless the award is unsupported by the record. After reviewing the record in the instant case, we cannot say that the trial judge abused his discretion in awarding plaintiff $4,500.00 for mental anguish.

CONCLUSION
For the above reasons, the judgment of the trial court is amended to reflect a $3,000.00 increase in quantum for Daryle's lumbar and cervical sprain. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed against State Farm Insurance Company.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The AIU Insurance Company policy provided $25,000.00 coverage.
[2] LSA-R.S. 37:2809 provides as follows:

A. The board shall fix and collect uniform fees that shall not exceed the following amounts for each type of fee and that shall not be refundable:

(1) Application fee for license to practice chiropractic... $ 50.00
(2) Certificate of internship.............................. $ 25.00
(3) For issuing duplicate of any certificate or license.... $ 5.00
(4) Certificate for annual renewal of license.............. $ 75.00
(5) License to practice chiropractic ...................... $ 50.00
(6) License by reciprocity ................................ $150.00
(7) Inactive license renewal .............................. $ 25.00
(8) Certificate of chiropractic assistant to perform
 chiropractic x-rays.................................... $ 25.00.

B. All fees received by the board and all fines collected under the provisions of this Chapter shall be transmitted to the state treasurer, who shall place them in a special fund to the credit of the Louisiana Board of Chiropractic Examiners. The board shall have authority to expend the moneys in said fund for the operating expenses of the board and for other expenses incurred in the administration and enforcement of this Chapter.
[3] The evidence reflects that Daryle was also treated for these injuries by Dr. Black, a chiropractor. However, because of our ruling in Assignment of Error No. 1, we will not consider his testimony in reviewing the trial court's award for the cervical and lumbar sprain.