532 So.2d 347 (1988)
Marvin Terry JOSEPH, Plaintiff-Appellant,
v.
MID-AMERICAN INDEMNITY CO., et al., Defendants-Appellees.
No. 87-794.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Sherman Stanford, Opelousas, for plaintiff/appellant.
Dubuisson, Brinkhaus, Dauzat, Falgorest & Caviness, Peter F. Caviness, Opelousas, for defendants/appellees.
Before DOUCET, LABORDE and YELVERTON, JJ.
*348 LABORDE, Judge.
Plaintiff-appellant, Marvin Terry Joseph, brought suit for personal injuries arising out of an automobile-bicycle accident against Irving Castille and his insurer, Mid-American Indemnity Company. The jury concluded that plaintiff was entitled to recover $4,000.00 in damages, but that plaintiff was 45% contributorily negligent in causing the accident. The trial court accepted the jury verdict and rendered judgment accordingly. On appeal, plaintiff requests that we increase the damage award and decrease the percentage of his contributory negligence. For reasons that follow, we affirm.
Mr. Joseph rode his bicycle down Railroad Avenue in the City of Opelousas as Mr. Castille drove his car up the same street. Mr. Joseph turned right onto Pulford Street just ahead of Mr. Castille who turned left onto Pulford. The two vehicles proceeded down Pulford several yards when the left front bumper of the car came in contact with the rear tire of the bicycle. Plaintiff was jolted at this point and allegedly injured.
The gross movements of the vehicles are not disputed; however, the jury heard vastly differing accounts of the exact paths that the vehicles took. Plaintiff testified that he turned right and proceeded straight down Pulford Street until he was hit. Defendant testified that he watched and waited for the cyclist to turn then followed him. Defendant testified that plaintiff made a very wide turn and appeared to be crossing the entire street when without warning plaintiff veered right, into the path of the trailing car. Defendant approximated his speed at less than 10 m.p.h. at the time of the accident.
The investigating police officer, David Boxie, testified that the two vehicles were in the middle of the westbound lane on Pulford when he arrived. He also determined that the car's left front bumper hit the rear tire of Mr. Joseph's bicycle causing damage to the tire and rim.
The jury's great discretion in findings of fact are not to be disturbed absent manifest error. In this case the jury weighed the evidence and found both parties guilty of negligence. The apportionment of fault is not clearly wrong; therefore, the finding will stand.
Plaintiff also argues that his damage award is inadequate considering the severity of his injuries. To support this claim, plaintiff alleges that the trial court erred in refusing to qualify Dr. John Ortego as an expert in the field of chiropractic care prior to February 24, 1987, when he filed his license and renewal certificate with the Clerk of Court for St. Landry Parish. The trial court allowed Dr. Ortego to testify as to plaintiff's condition only after February 24, 1987. The trial court expressly relied on Ensminger v. McCormick, 489 So.2d 1316, 1318 (La.App. 1st Cir.), writ denied, 493 So.2d 1219 (La.1986), in refusing to allow Dr. Ortego to relate earlier treatments of plaintiff. Plaintiff apparently visited Dr. Ortego prior to that date; however, no proffer of the testimony was made. Whether the trial court erred in excluding a portion of Dr. Ortego's testimony is irrelevant as plaintiff failed to make an offer of proof for us to review. Without a proffer, appellate courts have no way of ascertaining the nature of the excluded testimony. In the absence of a proffer, plaintiff cannot complain that the exclusion of testimony was error. See La. C.C.P. art. 1636; McLean v. Hunter, 495 So.2d 1298, 1305 (La.1986); Jurovich v. Catalanotto, 506 So.2d 662, 666 (La.App. 5th Cir.), writ denied, 508 So.2d 87 (La.1987).
Further, plaintiff complains that without the complete testimony of Dr. Ortego, the jury could not consider the full extent of plaintiff's injuries; therefore, the damage award is inadequate. As noted above, without the proffer of Dr. Ortego's testimony, plaintiff cannot complain of the exclusion of evidence. We have, however, reviewed the other lay and medical evidence which shows that plaintiff was bruised and sore about the leg and lower back. Plaintiff also probably suffered from a "lumbar strain," but no objective symptoms were detected. Plaintiff's testimony of the severity of pain was, frankly, *349 not accepted by the jury. We find no abuse of the jury's discretion in setting plaintiff's award at $4,000.00. La.C.C. art. 2324.1.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiff, Marvin Terry Joseph.
AFFIRMED.