YELVERTON, Judge.
In this personal injury suit resulting from an automobile accident, Annie M. Dabney was awarded damages of $1,000, and her minor son Ricky was found not to have been injured at all. Dabney appeals, seeking an increase in her award to $10,-000, and asking that Ricky be granted $2,500. We affirm.
The accident happened in the City of Opelousas, Parish of St. Landry. Annie Dabney and her baby boy were in the back seat of a taxicab. The Town of Grand *46 Coteau, one of the defendants and the owner of the other vehicle in the accident, was found at fault. Liability is not an issue. The facts of the accident are not important, except to note that the collision was barely more than bumper contact. There were no visible signs of injury to anyone and at the accident scene no one was thought to have been hurt. Later, Annie Dabney went to a chiropractor. An orthopedist saw Annie Dabney for the defendants, and testified that she either had no pain or that her pain could be explained on the basis of a mild muscle or ligament strain.
Annie Dabney’s complaint on this appeal is the trial court’s refusal to consider the testimony of her chiropractor, Dr. Rick Or-tego. This was error, she contends, and her full damages were not awarded because of the error. The chiropractor’s testimony was made a proffer.
We find that the trial court’s ruling with regard to the chiropractic testimony was correct. Under Louisiana law, a licensed chiropractor must record his license with the Clerk of Court for the Parish in which he practices, and until recorded, the holder thereof shall not be entitled to practice chiropractic in this State. La.R.S. 37:2811. Furthermore, he must annually renew his license and present certain required proof of attendance at educational seminars or conventions. La.R.S. 37:2810. One who fails to record the required renewal license is not entitled to practice chiropractic in the State, and cannot testify as an expert witness. Ensminger v. McCormick, 489 So.2d 1316 (La.App. 1st Cir.1986).
In this case Dr. Ortego was licensed to practice chiropractic in 1982, and he filed his license in Calcasieu Parish where he first began practicing. In 1983 he moved his practice to St. Landry Parish. He did not record his license in St. Landry Parish nor did he file a renewal license and continuing education certificate in that parish until February 24, 1987.
The accident happened on February 25, 1986. According to the proffer, Dr. Ortego felt Annie Dabney suffered a mild strain, and sprain, of the low back. He treated her and discharged her as having reached maximum recovery on July 1, 1986. He saw her once after he filed his license and renewal certificate, and that was the day before trial. The trial judge did not allow him to testify as to his findings and charges before February 24, 1987, but considered his testimony and allowed the charges with respect to the visit the day before trial.
We find no error in this ruling, nor do we find an abuse of discretion in the trial court’s award of damages. La.C.C. art. 1999.
There was likewise no error in the judgment rejecting the demand for damages to the minor child. There was no proof that Ricky, just one year old at the time of the accident, was hurt at all in the accident. A passenger in the back seat with him said the child did not seem fazed by the accident. His mother said she took him to a pediatrician, but the doctor was not called as a witness. The only evidence of injury was the mother’s vague testimony that the baby had sleeping problems. The trial court was not clearly wrong in rejecting the demand for damages on behalf of the infant.
The judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.