602 So.2d 282 (1992)
Dr. Sheldon M. ANDERSON, Plaintiff-Appellant,
v.
CASUALTY RECIPROCAL EXCHANGE, et al., Defendant-Appellee.
No. 23651-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1992.
*283 McIntosh, Fox & Lancaster, by George F. Fox, Jr., Lake Providence, for appellant.
Davenport, Files & Kelly, by Mike C. Sanders, Monroe, for defendant-in-reconvention, Dr. Sheldon M. Anderson.
Hudson, Potts & Bernstein, by Brady D. King, III, Monroe, for Cas. Reciprocal Exchange and Shelly Tweedle.
Theus, Grisham, Davis & Leigh, by F. William Sartor, Jr., Monroe, for Aetna Cas. & Sur. Co. and Cent. Oil & Supply Corp.
Kneipp & Hastings, by Donald L. Kneipp, Monroe, for Cent. Oil & Supply Corp.
Before MARVIN, SEXTON and VICTORY, JJ.
VICTORY, Judge.
Dr. Sheldon Anderson brought suit against Shelly Tweedle, Central Oil & Supply Corporation, and their insurers as a result of an automobile accident. The trial court found Tweedle and Central Oil each 50% liable for Dr. Anderson's damages, and Dr. Anderson appealed. Because we find that the trial court erred in excluding the chiropractor's testimony, we vacate the judgment and remand for the taking of additional evidence.

FACTS
Dr. Anderson filed suit against Ms. Tweedle alleging negligence in a rear-end collision and against Central Oil alleging that its store, Harde Mart, sold him watered gas. The trial court found that the accident was caused by the selling of the contaminated gas by Central Oil, and by the inattentive driving of Ms. Tweedle. Judgment was rendered on July 3, 1991 in favor of Dr. Anderson, and against defendants, Ms. Tweedle and Central Oil, apportioning 50% fault to each defendant. Dr. Anderson was awarded damages in the amount of $1,500, plus costs and legal interest.
Dr. Anderson has appealed the trial court's judgment with respect to the amount of damages awarded and the court's failure to accept the testimony of plaintiff's chiropractor and economist. Defendants, Ms. Tweedle, Casualty Reciprocal, Central Oil, and Aetna Casualty, answered the appeal, citing as error the trial court's failure to assess Dr. Anderson with any percentage of comparative fault.

PROFFER
On appeal, plaintiff complains that he was not allowed to present evidence from Dr. Earl Childress, a chiropractor who treated plaintiff prior to the accident and examined him prior to trial. The trial court sustained defendant's objection to his testimony at trial based upon R.S. 37:2811(A). Thereafter, plaintiff's counsel attempted to submit Dr. Childress' report as a proffer, but the trial court sustained defendants' objection. Defendants claim plaintiff never requested to proffer Dr. Childress' testimony in lieu of submitting the report, and without such a proffer, cannot now claim that the exclusion of his testimony was in error.
In excluding Dr. Childress' testimony, the trial court relied upon LSA-R.S. 37:2811(A), requiring chiropractors to record their licenses with the Clerk of Court, and Ensminger v. McCormick, 489 So.2d 1316 (La.App. 1st Cir.1986), writ denied 493 So.2d 1219 (La.1986), which held that a chiropractor cannot testify as an *284 expert witness if his license was not recorded with the clerk at the time of treatment.
However, LSA-R.S. 37:2811(A) was amended in 1987, and deleted the following language: "until recorded, the holder thereof shall not be entitled to practice chiropractic in this state." The deleted language was the basis used by the Ensminger court to disallow a chiropractor's testimony if his license was not recorded at the time of treatment. We find that the Legislature intended to, and did effectively overrule Ensminger v. McCormick, by the 1987 amendment. See City of Baton Rouge v. Noble, 535 So.2d 467 (La.App. 1st Cir.1988), writ denied 539 So.2d 632 (La. 1989), footnote 3. Neither the amendment, nor City of Baton Rouge v. Noble was brought to the trial court's attention. Nevertheless, the trial court erred in excluding Dr. Childress' testimony.
According to LSA-C.C.P. Art. 1636, "when a court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence." (emphasis supplied). LSA-C.C.P. Art. 1636 is mandatory, not discretionary. Hopkins v. Department of Highways, 350 So.2d 1271 (La.App.3d Cir.1977), on remand 364 So.2d 616, writ denied 365 So.2d 262; Liberty Mutual Ins. Co. v. Bryant, 191 So.2d 747 (La.App.2d Cir.1966), writ denied 193 So.2d 528. However, the trial judge has the discretion to receive the proffer in full, or to require a statement setting forth the nature of the evidence. LSA-C.C.P. Art. 1636. Neither form of a proffer was allowed in this case.
As was stated in McLean v. Hunter, 495 So.2d 1298 (La.1986), on remand 510 So.2d 771 (La.App. 1st Cir.1987), writ denied 513 So.2d 1206 (La.1987):
The very purpose of requiring a proffer is to preserve excluded testimony so that the testimony (whatever its nature) is available for appellate review. Without a proffer, appellate courts have no way of ascertaining the nature of the excluded testimony.
The trial judge acknowledged at trial that a proffer would allow evidence to be "preserved on the record in case the ruling may be adverse to what the trial court says." However, upon defendant's objection to the content of Dr. Childress' report, the judge denied the proffer completely. Since a proffer is mandated by LSA-C.C.P. Art. 1636, the trial court erred in denying plaintiff the opportunity to make a proffer of the chiropractor's testimony.
LSA-C.C.P. Art. 2164 provides that an "... appellate court shall render any judgment which is just, legal and proper upon the record on appeal." It is well settled that an appellate court is empowered under this article to remand a case to the trial court for the taking of additional evidence where it is necessary to reach a just decision and to prevent a miscarriage of justice. Watts v. Watts, 552 So.2d 738 (La.App. 1st Cir.1989); Winn State Bank & Trust Co. v. Browning, 453 So.2d 286 (La.App.2d Cir.1984); Succession of Brice, 390 So.2d 905 (La.App.2d Cir.1980). Such a remand without decision requires the existing judgment to be set aside. Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463 (1970).
Dr. Childress' testimony concerning plaintiff's injury, or lack thereof, is pertinent to our review of the trial court's judgment. As there is no proffer in the record, we cannot ascertain the nature of the excluded testimony, nor whether that testimony would affect our review of the issues on appeal. Therefore, we vacate the trial court's judgment and remand to the trial court for the taking of additional evidence. Thereafter, the trial court shall grant judgment based on all evidence received in accordance with law.

DECREE
For these reasons, the judgment appealed from is vacated, and this case is remanded to the trial court for further proceedings consistent with law and the views expressed above. The costs of this appeal are assessed to appellees.
VACATED AND REMANDED.