CARTER, Justice,
dissenting.
I respectfully dissent from the majority opinion insofar as it holds that, absent an objection by the parties, the trial judge’s failure to permit cross-examination of the court-appointed mental health professional was reversible error.
I recognize that LSA-C.C. art. 131 H provides that “the mental health professional shall serve as the witness of the court subject to cross-examination by either party” and that the use of the word “shall” denotes a mandatory requirement. Admittedly, the clear wording of the provision requires that the court afford the parties an opportunity to cross-examine the mental health professional.
However, I do not believe that the mandatory language of LSA-C.C. art. 131 H obviates the need for the party, who is allegedly denied an opportunity to cross-examine a witness, to object to the denial of such opportunity. The law is clear that to preserve an evidentiary issue for appellate review, it is essential that the complaining party enter a *15 contemporaneous objection to the evidence or testimony and state the reasons for the objection. LaHaye v. Allstate Insurance Company, 570 So.2d 460, 466 (La.App. 3rd Cir. 1990), writ denied, 575 So.2d 391 (La.1991).
There are many instances in the law in which the mandatory terminology is used, but the jurisprudence requires a contemporaneous objection to give effect to such mandatory language. For example, LSA-C.C.P. art. 1636 states that, when the court rules against the admissibility of any evidence, the court shall either permit the party to make a complete record thereof or permit the party to make a statement setting forth the nature of the evidence. In applying the same rationale used by the majority in the instant case to this example, the party who is denied the opportunity to introduce certain evidence need only attempt to introduce such evidence. If the court does not allow the introduction of such evidence, under the mandatory language of LSA-C.C.P. art. 1636, the court would be required to permit the party to proffer the evidence or make a statement, even if the party fails to object or fails to proffer such evidence. However, such a result is clearly contrary to the jurisprudence, which requires a contemporaneous objection despite the mandatory language of the article. See McLean v. Hunter, 495 So.2d 1298, 1305 (La.1986); Scurto v. Siegrist, 598 So.2d 507, 510 (La.App. 1st Cir.), writ denied, 600 So.2d 683 (La.1992); Menzie Tile Company, Inc. v. Professional Centre, 594 So.2d 410, 415 (La.App. 1st Cir.1991), writ denied, 600 So.2d 610 (La.1992); Joseph v. Mid-American Indemnity, Co., 532 So.2d 347, 348 (La.App. 3rd Cir.1988).
To construe LSA-C.C. art. 131 H to require the court, absent a contemporaneous objection by the aggrieved party, to require the parties to cross-examine a witness would do substantial damage to the contemporaneous objection rule and wreak havoc on the legal community and trial practice. Moreover, requiring a contemporaneous objection gives an opportunity to the trial court to assess the admissibility of the evidence before judgment and enables the court to expeditiously determine the merits of an appeal. LaHaye v. Allstate Insurance Company, 570 So.2d at 466.
In the instant ease, Mr. Reed presented his case in chief, calling each of his witnesses, subject to cross-examination by Mrs. Reed. Mr. Reed then rested his case. Thereafter, Mrs. Reed presented her case, calling each of her witnesses, subject to cross-examination by Mr. Reed. Mrs. Reed then rested her case. After hearing all of the evidence presented by both parties, the trial judge determined that it was necessary to appoint a mental health professional to provide the court with some guidance.
Following a lengthy discussion on the record with the parties and counsel for the parties, neither party objected to the appointment of the mental health professional nor did either party request an opportunity to examine the witness upon the completion of the evaluation.
In the instant case, although both parties had rested their cases, if counsel for Mrs. Reed objected to the trial court’s appointment of a mental health professional and the subsequent use of his report to make a custody determination, an objection should have been made. Moreover, if counsel for Mrs. Reed desired an opportunity to examine the mental health professional upon the completion of his report, an appropriate objection or request should have been made in the trial court when the trial judge could have afforded her an opportunity to conduct such examination of the witness. Having failed to do so, Mrs. Reed did not properly preserve this objection for appeal, and there is nothing for this court to review.
With regard to the remaining issues on appeal, after a thorough review of the entire record in this matter, I am convinced that the evidence supports the facts found and the reasons assigned by the trial judge. Accordingly, I would affirm the trial court judgment and adopt his reasons.
With regard to the allegations that Mrs. Reed abandoned her appeal for failing to comply with Rule 2-12.4 of the Uniform Rules of the Courts of Appeal in that she did not brief each error assigned, I feel that it is *16 unnecessary to address this issue because I would affirm the judgment of the trial court.
For these reasons, I respectfully dissent.